ACCEPTED
06-14-00020-cv
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/7/2015 1:33:34 PM
DEBBIE AUTREY
CLERK

No. 06-14-00020-CV

_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

1/14/2015 9:10:00 AM

DEBBIE AUTREY
Clerk

In the Court of Appeals of Texas
Sixth District
Texarkana, Texas

_____

**WENDOLYN MESSNER, DEPENDENT ADMINISTRATOR**
*Appellant*

v.

**MARK L. BOON, BOON SHAVER ECHOLS COLEMAN & GOOLSBY, P.L.L.C.,**
*Appellees*

_____

On Appeal from the
County Court at Law of Rusk County, Texas
Hon. Chad Wes Dean
Trial Court Cause No. 02-043 A

_____

**APPELLANT'S SUPPLEMENT TO MOTION FOR REHEARING**

_____

PAUL W. TURNER
Texas Bar No. 24037619
400 S. Alamo, Suite A
Marshall, Texas 75670
(903) 935-0135 (phone)
(903) 935-0235 (facsimile)
pturner@thelawofficeofpwt.com
COUNSEL FOR APPELLANT

1

## SUPPLEMENT TO ARGUMENT

In Appellant's Motion for Rehearing, Appellant argued that the Court had erred in some of its legal analysis on page 20 of its Opinion.[1] In an effort to more succinctly state the flaw in the Court's analysis, Wendolyn submits this Appellant's Supplement to Motion for Rehearing.

The Court has held that Wendolyn can brings claims against Boon for any negligent act that he committed during Delbert's lifetime,[2] but she cannot bring claims for any negligent act that Boon committed during Bengel's administration of Delbert's estate because any such negligence was an injury to Bengel.[3] But, as the Court rightly observed on page 19 of its Opinion, Bengel stood in the shoes of Delbert as the executor of his estate. Therefore, an injury to Bengel was an injury to Delbert, and the Court has acknowledged that Wendolyn can bring claims for an injury to Delbert.

Respectfully submitted,

/s/ Paul W. Turner
Paul W. Turner
Texas Bar No. 24037619
400 S. Alamo, Suite A
Marshall, Texas 75670
903-935-0135 (phone)
903-935-0235 (facsimile)
pturner@thelawofficeofpwt.com
**Counsel for Appellant**

---

[1] Appellant's Motion for Rehearing, p. 15-18.
[2] Opinion, p. 19.
[3] Opinion, p. 20-21.

## CERTIFICATE OF COMPLIANCE

The Appellant's Supplement to Motion for Hearing contains 159 which, if the Court allows this Supplement, results in a total count of 4,616 words which exceeds the 4,500 word limit of with Texas Rule of Appellate Procedure 9.4(i).

Signed on January 7, 2015.

/s/ Paul W. Turner_____
Paul W. Turner


## CERTIFICATE OF SERVICE

I certify that on January 7, 2015, I served a copy of Appellant's Supplement to Motion for Rehearing on counsel for Appellees listed below by electronic service and the electronic transmission was reported as complete. My email address is pturner@thelawofficeofpwt.com.


Michael L. Dunn
Smead, Anderson & Dunn
2110 Horseshoe Lane
Longview, Texas 75605
**Counsel for Appellees Mark L. Boon and
Boon Shaver Echols Coleman & Goolsby, P.L.L.C.**

/s/ Paul W. Turner_____
Paul W. Turner